WEAVER, Recr. v. SNYDER, Admr.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 819. Decided March 19, 1928.

Syllabus by Editorial Staff.

**297. CONTRACTS—997. Real Estate—419. Dower.**

Contract for sale of real estate, which provided that husband was "to release all dower rights in said premises on execution and delivery of said deed," construed to mean that husband was to receive dower as of date of execution of contract.

Error to Common Pleas.

Judgment affirmed.

Frank W. Krehbiel and Egan & Delscamp, Dayton, for Weaver.
Walter V. Snyder, Dayton, for Snyder et.

## FULL TEXT.

Plaintiffs in the court below made a certain contract on the 1st day of April, 1924, and a certain other contract on the 24th of July, 1925, for a conditional contract of sale of certain real estate. Upon the execution of said contracts, respectively, the plaintiffs in the court below took possession of the real estate and have held possession ever since. The amount provided for having been paid, plaintiffs appealed to court for an order of conveyance. In the meantime, Mr. C. E. Ross, husband of the plaintiff, absconded leaving debts, and later on Ellen E. Ross died. The question is as to the amount to be allowed the Receiver of C. E. Ross. The court below having decided in favor of the contention of the Administrator of Ellen E. Ross, the plaintiff herein prosecutes error.

The point of difference between the two parties is as to when the interest of C. E. Ross is to be computed.

If the interest of C. E. Ross is to be computed as of the time the contract was made, then the court below is right. If, on the other hand, his interest is to be computed as of the time the conveyance was ordered, then the judgment below must be reversed. Under the contract of April 1, 1924, the following provision is found in the contract:

"And the said Charles E. Ross, husband of the party of the first part, hereby agrees to release all dower rights in said premises on execution and delivery of said deed."

In the other contract the provision is as follows:

"And said Charles E. Ross, husband of the party of the first part, hereby agrees, upon payment of the full consideration by party of the second part and execution of the deed by party of the first part as herein provided, to join in the execution of said deed for the purpose of releasing all his right and expectancy of dower in said premises."

These two contracts are similar, but it seems to this court as reasonably clear that the intention of the parties was that the husband was to receive dower as of the date of the execution of the contract. While certain words in the provisions above quoted might indicate to the contrary, we think the true rule of construction of the entire instrument is as above stated.

The property was then sold to the Swartsels under payments which were to be made in the future. The deed was withheld for convenience of the Swartsels in making payment, but the title when the deed was afterwards made would relate back to the time when the written contracts were signed. For these reasons we are of opinion that the interest of the husband, C. E. Ross, was to be computed as of the date when the contracts were executed. This being the judgment of the Court of Common Pleas, the judgment of said court is hereby affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)